VIRGINIA:

### IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

**VERNA CHRISTOPHER**　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　　　　　}
　　　　**Plaintiff,**　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　　　　　}
v.　　　　　　　　　　　　　　　　　　　　　　　} Case No.:
　　　　　　　　　　　　　　　　　　　　　　　　} CL22-819
**WALMART INC.**　　　　　　　　　　　　　　　 }
Serve: C T Corporation System　　　　　　　　　　}
4701 Cox Road　　　　　　　　　　　　　　　　　}
Suite 285　　　　　　　　　　　　　　　　　　　　}
Glen Allen, VA 23060　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　　　　　}
　　　　**Defendant.**　　　　　　　　　　　　　　}

### COMPLAINT

**COMES NOW** the plaintiff, Verna Christopher, hereinafter Christopher), by counsel, and moves the Court for judgment against the defendant, Walmart, Inc., (hereinafter Walmart) in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest from the date of incident, and costs, all for the reasons stated below:

1. Defendant, Walmart, is a corporation organized under the laws of the State of Delaware, owning, and operating Walmart Stores throughout the Commonwealth, including the County of Chesterfield, Virginia.

2. As the owner and operator of said retail stores, places of business to which the general public is invited, it is and was the duty of the defendant, its agents, and employees, to maintain their premises in a reasonably safe condition; to make reasonable inspections and to warn the public of any defects known, or which should have been known, to it, its agents, and employees by the exercise of reasonable care.


EXHIBIT A

3. Notwithstanding said duties, defendants permitted a large hole in its parking lot to exist and become dangerous for pedestrians using the same. Defendants allowed said parking lot to remain in said dangerous condition, despite the fact that it knew or in the exercise of reasonable care should have known of said condition. Said condition was not readily discernible to plaintiff who was walking to her vehicle in the dimly lit parking lot, and defendants failed to warn of the existence of such dangerous condition.

4. On or about March 15, 2000, CHRISTOPHER had been shopping at Walmart and was on her way to her car when she stepped in said hole and fell.

5. As a proximate cause of defendants' carelessness and negligence as aforesaid, Plaintiff Christopher fell and sustained serious injuries; plaintiff has suffered and will continue to suffer great pain of body and mind, has incurred and will incur extensive hospital and medical expenses in an effort to be cured of said injuries and has been permanently disabled; and has been and in the future will be hindered from attending to her business and personal affairs. s

**WHEREFORE**, the plaintiff, Christopher, demands judgment against the defendants Walmart, in the amount of FIVE MILLION DOLLARS ($5,000.000.00), plus interest from the date of accident, and her costs expended herein.

**A TRIAL BY JURY IS DEMANDED.**

VERNA CHRISTOPHER

By _____
Of Counsel

Joseph S. Massie, III VSB# 35472
MASSIE LAW FIRM. P.C.
115 N.1st Street- Suite 100
Richmond, Virginia 23219
Tel: (804) 644-4878
Fax: (804) 644-4874
jmassie@massielawfirm.com

Raymond L. Palmer, Esq.
PALMER LAW FIRM
5833 Richmond Tappahannock Hwy., Suite 104A
Aylett, VA 23009
(804) 769-9600
(804) 769-2999 fax

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

**VERNA CHRISTOPHER** }
}
      **Plaintiff,** }
}
} Case No.:
} CL22-819
**WALMART INC.** }
Serve: C T Corporation System }
4701 Cox Road }
Suite 285 }
Glen Allen, VA 23060 }
}
      **Defendant.**

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART

Plaintiff, Verna Christopher, by counsel, pursuant to Rules of the Supreme Court of Virginia, propounds the following discovery to defendant to be answered separately and fully, in writing under oath, within the time period prescribed by such Rules.

### DEFINITIONS AND INSTRUCTIONS

a. Each of the Interrogatories is deemed to be continuing in nature. In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the answers to Interrogatories in accordance with the request, plaintiff demands and defendant to amend the answers to the Interrogatories promptly and sufficiently to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of the Supreme Court of Virginia.

b. The word "documents" mean any written, recorded or graphic matter however produced, or reproduced and whether or not claimed to be privileged against discovery on any

grounds, including, but not limited to, statements, reports, records, lists, memoranda, telegrams, correspondence, schedules, photographs, videotapes, sound recordings, microfilm, microfiche, files and information stored in computers or other data or word processing equipment.

    c.    The words "identify" or "identity" when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the collision alleged in the complaint. When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian. If any document being identified is no longer within your possession or under your control, please state what happened to it.

    d.    Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

    e.    Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his attorneys.

    f.    The terms "describe," "detail" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity. Where you are asked to describe a document or thing, please respond with such particularity so that your description would be sufficient for a Request for Production.

    g.    The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause e.

    h.    Where appropriate, the masculine gender may be considered to be substituted for the feminine gender or vice versa, and the singular may be considered to be substituted for the

plural or vice versa.

## INTERROGATORIES

1. Please identify the person(s) answering or providing answers to these interrogatories.

**ANSWER**

2   Describe in detail the manner in which you contend the Accident occurred.

**ANSWER:**

3. Describe in detail how you became aware that an accident had occurred and the dates and times, and person who made you aware.

**ANSWER:**

4. Identify any and all persons who were witnesses to the accident.

**ANSWER:**

5. Identify any and all other persons (employees) to your knowledge who possess information concerning the accident.

**ANSWER:**

6.  Identify any and all persons who possess knowledge of repairs done to the location of the accident prior to and subsequent to the Plaintiff's fall.

**ANSWER:**

7. Identify your employees responsible for securing carts from the parking lot where plaintiff fell from October 1, 2019 to October 1, 2020.

**ANSWER:**

8.   Identify your staff who were responsible for the maintenance and/or repair of the parking lo where plaintiff fell from October 1, 2019 to October 1, 2020.

**ANSWER:**

9. State whether or not you, any party to this suit, any eyewitness to the accident, or any other person made any statement concerning the accident. If the answer is in the affirmative, for each such statement; identify the person giving the statement; the date and time the statement was made or given; whether or not the statement was recorded, transcribed, or otherwise memorialized and whether or not such statement was signed by the person giving the statement; and, state the substance of such statement.

**ANSWER:**

10. If you contend that the plaintiff caused or contributed to this accident, describe in detail the reasons for such contention.

**ANSWER:**

11. If you or anyone acting on your behalf are aware of any transcripts, tapes, writings or other tangible records of any statements made by plaintiff regarding the cause of the accident, please state the name, address and telephone number of its custodian.

**ANSWER:**

12. Identify any expert(s) whom you intend to call as a witness at the trial of this matter and state the following:

    a. The subject matter on which the expert is expected to testify;

    b. the substance of the facts and opinions to which the expert is expected to testify; and

    c. A summary of the grounds for each opinion held.

**ANSWER:**

## REQUEST FOR PRODUCTION

Please produce the following:

1. Any and all statements from any eyewitness to the incident giving rise to this suit.

**RESPONSE:**

2. Any and all statements taken from any person (not an eyewitness), having any knowledge of the incident giving rise to this suit.

**RESPONSE:**

3. Any and all statements taken from the plaintiff

**RESPONSE:**

4. Color copies of any picture, still or motion, taken of the area involved in this accident.

**RESPONSE:**

5. Color copies of any picture, still or motion, taken of the scene of this accident

**RESPONSE:**

6. Any and all repair bills or estimates of repair concerning the hole that plaintiff fell in.

**RESPONSE:**

7. Any and all sketches/diagrams, plans, plats, drawings, maps, or schematics concerning the accident scene or in anyway relating to this accident.

**RESPONSE:**

9. A copy of all insurance policies (including declaration sheets) providing coverage for this claim.

**RESPONSE:**

10. All medical records, employment records or other documents obtained by subpoena duces tecum or other discovery during the course of this litigation.

**RESPONSE:**

11. All documents or records of any nature pertaining to any surveillance or observations of the plaintiff.

**RESPONSE:**

12. Any and all documents which defendant will attempt to introduce at trial.

**RESPONSE:**

**VERNA CHRISTOPHER**

By: _____
Of Counsel

Joseph S. Massie, Esquire
Massie Law Firm, P.C.
115 N. 1st Street – Suite 100
Richmond, Virginia 23219
Tel: (804) 644-4878
Fax: (804) 644-4874
jmassie@massielawfirm.com

Raymond L. Palmer, Esquire
Palmer Law Firm
5833 Richmond/Tappahannock Hwy.,
Suite 104A
Aylett Virginia 23009
Telephone: (804) 769-9600
Facsimile: (804) 769=2999

RECEIVED

FEB 10 2022 @ 9:53 AM
CLERK'S OFFICE
HENRICO CIRCUIT COURT